CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 3 0 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL DUCHELLE GREEN,** | ) | CASE NO. 7:18CV00302 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DR. KAZLAUSKAS, ET AL.,** | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendants.** | ) | |

Plaintiff Michael Duchelle Green, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Green alleges that after his shoulder was injured by a sliding door, a jail doctor refused to see him for twenty days. Having reviewed Green's submissions, the court concludes that the action must be summarily dismissed for failure to state a claim.

I.

Green's claims arose while he was incarcerated at the Amherst County Adult Detention Center ("ACADC").[1] On May 1, 2018, an ACADC employee closed a door on Green's left shoulder. He alleges he was in severe pain for weeks thereafter. On May 9, 2018, he was moved to the medical unit because of his "broken shoulder." Compl. 4, ECF No. 1. Dr. Kazlauskas, a jail physician, examined Green on May 31, 2018. Then, Green allegedly lay "in pain unable to move [his] left arm." Id. He was told that he would see an "Ortho," but was not given a time table for this upcoming appointment. Id. Over the next twenty days, Green filed five requests to see Dr. Kazlauskas, who "refused." Id. On June 20, 2018, Green filed an inmate request form to Capt. Rivers and Major Schmitt. It was returned to him the next day, when he was told that according to Major Schmitt, "inmates are not allowed to file complaints." Id. Green then filed

---

[1] After he filed this civil action, Green notified the court of his transfer to the Lynchburg Adult Detention Center.

this § 1983 action against Dr. Kazlauskas and the ACADC "Medical Department," seeking $50,000.

The court takes judicial notice of additional information relevant to Green's § 1983 claims in this action. He filed an earlier § 1983 complaint concerning, in part, the medical care he received at ACADC in May 2018, Case No. 7:18CV00247. His submissions in that case indicate the following sequence of events. See gen. No. 718CV00247, ECF Nos. 1 and 3.

On May 1, 2018, the day of Green's shoulder injury, a nurse assessed him and noted no bruising, swelling, or open areas. No. 7:18CV00247, ECF No. 1, at 3. Because he was complaining of pain, however, the nurse started him on "[p]ain protocol." Id. Green was seen by a nurse the next day for the same complaints. The nurse then notified a jail doctor, who referred Green to a specialist. On May 3, 2018, Green was transported to the local Orthopedic Center and x-rays were taken. He was given an injection and a prescription to treat "rotator cuff impingement" in the left shoulder. Id.

Back at ACADC, Green's pain complaints continued. A nurse assessed him and restarted pain protocol on May 5, 2018. He was moved to the medical unit on May 9, 2018, so staff could monitor his pain. A jail doctor examined Green on May 14, 2018, and ordered an MRI of his shoulder. The MRI was performed on May 29, 2018. On May 31, 2018, Dr. Kazlauskas reviewed the results and referred Green to the Orthopedic Center for follow up care.

II.

Under 42 U.S.C. § 1997e(c)(1), the court must dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted. . . ." A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521

F.3d 298, 302 (4th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

As an initial matter, Green cannot pursue § 1983 claims against the ACADC Medical Department. The department, as a group of people, is not a "person" subject to suit under § 1983. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights"). Thus, the court must summarily dismiss Green's claims against the department, pursuant to § 1997e(c)(1), for failure to state a claim upon which relief could be granted.

Furthermore, Green's allegations do not support a claim that Dr. Kzlauskas or anyone on the medical staff at ACADC violated his constitutional rights related to his medical needs. Only "[d]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (citing Estelle v. Gamble, 429 U.S. 97, 105 (1976)). "[O]fficials evince deliberate indifference by acting intentionally to delay or deny the prisoner access to adequate medical care or by ignoring an inmate's known serious medical needs." Sharpe v. South Carolina Dept. of Corrections, 621 F. App'x 732, 733 (4th Cir. 2015) (citations omitted). To prove deliberate indifference, Green must show that the defendant prison official had "actual . . . knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's [own] action or inaction." Jackson, 775 F.3d at 178 (citing Farmer, 511 U.S. at 837). This component requires proof of intent beyond mere negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan. See Estelle, 429 U.S. at 105-06 ("Medical malpractice does not become a constitutional violation merely because the victim is a

prisoner."). "Questions of medical judgment are not subject to judicial review." Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).

Green's submissions to the court in this case and Case No. 7:18CV00247 do not indicate that anyone ignored his medical needs. He began receiving medical care on the day he was injured. A nurse assessed him and started pain medication. When his pain continued, the nurse consulted a doctor, who referred Green to an orthopedist. Two days after the injury occurred, the specialist conducted X-rays, reached a diagnosis, and provided particularized treatment for that condition: an injection and prescriptions. Within the month, jail staff moved Green to the medical unit to monitor and treat his pain; the jail doctor ordered an MRI that was conducted two weeks later; and the doctor then referred Green for follow up care by the orthopedist. Green's claims reflect his apparent belief that he should have had a follow up examination by the orthopedist more quickly or that he should have received different care at the jail than he received between May 31 and June 21, 2018. During that time, he was housed in the medical unit so that staff could monitor and treat his condition. At the most, Green's allegations amount to disagreements with the medical judgments made by the doctors and nurses as to appropriate treatment and timing. Green does not state facts showing deliberate indifference by any of them.

For the stated reasons, the court concludes that Green's submissions fail to state any constitutional claim against the defendants. Therefore, the court will summarily dismiss this case for failure to state a claim. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff.

ENTER: This 30th day of October, 2018.

_____
Senior United States District Judge

4